UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

NICOLETTE E. PEARCE, a minor, and
MATTHEW S. PEARCE, a minor, by their Next
Friend, JANIS E. PEARCE

                Plaintiffs,

v.

NORTHVILLE PUBLIC SCHOOLS,
BOARD OF EDUCATION OF THE SCHOOL
DISTRICT OF THE CITY OF NORTHVILLE,
LEONARD R. REZMIERSKI, individually and in
his official capacity as Superintendent of Northville
Public Schools, THOMAS D. JOHNSON,
individually and in his official capacity as Principal
of Northville High School, DENNIS COLLIGAN,
individually and in his official capacity as
Asst. Principal of Northville High School,

                Defendants.

CIVIL ACTION NO. _____

HON. _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

ARTHUR J. TARNOW

---

THOMAS MORE CENTER FOR LAW & JUSTICE
BY:   Richard Thompson (P21410)
        Patrick T. Gillen (P47456)
Attorneys for Plaintiffs
3475 Plymouth Road, Suite 100
Ann Arbor, MI 48105-2550
(734) 827-2001

---

Plaintiffs, by and through their undersigned attorneys, bring this Complaint against the above-named Defendants, their employees, agents, and successors in office, and in support thereof allege the following:

1

## INTRODUCTORY STATEMENT

1. This is a civil rights action brought by the Plaintiffs, members of a noncurriculum-related student club at Northville High School ("NHS") known as Connect for Christ ("C4C"), who have been prohibited from meeting on school premises during noninstructional time and from using school facilities on the same basis as other noncurriculum-related student clubs. C4C is a student-led club formed so that students could discuss various issues in light of the Bible and offer each other mutual support as they make important decisions.

2. The Defendants have discriminated against the Plaintiffs by refusing to allow C4C to meet during the Seminar Period at NHS because of the religious viewpoint and content of their meetings. Defendants have likewise prohibited C4C from using the school's public address system to announce its meetings and they have denied C4C members access to other resources and opportunities made available to students who were and are members of other clubs. The Seminar Period is noninstructional time and on any given day anywhere from approximately seventy to eighty percent of NHS students engage in a wide variety of nonacademic activities such as watching T.V. (e.g. the television cartoon show "SouthPark"), viewing movies, playing video games (e.g. "Gameboy"), talking, reading magazines, playing cards, listening to CD's, etc.

3. The Defendants have discriminated against Plaintiffs and their club even while Defendants permitted and continue to permit other nonreligious, noncurriculum-related student clubs to use school premises during this same Seminar Period which is noninstructional time. Defendants have also allowed such clubs to use the school's public address system to announce

2

meetings and have extended to such clubs various other privileges which they have denied to C4C and its members.

4. The Defendants' actions violate the Plaintiffs' rights to Free Speech, Free Exercise of Religion, Freedom of Association, and Equal Protection guaranteed by the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, as well as the Plaintiffs' rights under 20 U.S.C. § 4071 ("Equal Access Act"), and Mich. Comp. Laws Ann. § 380.1299 (West 1997) ("Michigan Equal Access Act") and the common law of the State of Michigan.

5. This action seeks a declaration that the Defendants have violated the Plaintiffs' rights, and a judgment awarding nominal and compensatory damages for harm caused by that violation as set forth herein, and an award of punitive damages as allowed by law to punish the Defendants for their reckless disregard for, and deliberate indifference to, the Plaintiffs' rights.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343(a)(3), because this action arises under the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983 and 20 U.S.C. § 4071, et seq. This Court has supplemental jurisdiction over the Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367(a).

7. Plaintiffs' claim for a declaration and judgment is made under 28 U.S.C. §§ 2201 and 2202 and by Rule 57 of the Federal Rules of Civil Procedure, and the general legal and equitable powers of this Court, which empower the Court to grant the requested relief.

8. Plaintiffs' prayer for relief regarding costs, including reasonable attorney's fees, is authorized by 42 U.S.C. § 1988 and applicable state law. Plaintiffs' claim for damages is made pursuant to 42 U.S.C. § 1983 and the applicable state law. Plaintiffs seek damages from Defendants Rezmierski, Johnson, and Colligan, who have been sued in their individual capacity, and damages against the other Defendant as authorized under state law.

9. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this district.

**PLAINTIFFS**

10. Plaintiff, Nicolette E. Pearce, is a Christian. As a Christian, she has a sincere and deeply held religious belief that she should spread the Christian message and faith. She is a member and a leader of C4C. During C4C meetings, she would spread the Christian message and faith by worshiping God, praying, and discussing scripture and other topics. Ms. Pearce is seventeen years old and currently a 12th grade student at NHS. She would like to meet with C4C during Seminar period.

11. Plaintiff, Matthew S. Pearce, is a Christian. As a Christian, he has a sincere and deeply held religious belief that he should spread the Christian message and faith. Mr. Pearce is fifteen years old and currently a 9th grade student at NHS. He is a member of C4C, and he would like to meet with C4C during Seminar period.

12. Plaintiff, Janis E. Pearce, is a resident of the Northville Public School district and the parent of Plaintiffs Nicolette E. Pearce and Matthew S. Pearce. Ms. Janis Pearce is suing on behalf of her daughter, Nicolette E. Pearce, and her son, Matthew S. Pearce.

**DEFENDANTS**

13. Defendant, Northville Public Schools, is organized and exists as an instrumentality of the State of Michigan and functions as a State agency and/or a political subdivision of the State of Michigan. NHS, a public secondary school of Northville Public Schools, operates grades 9 to 12, receives Federal financial assistance, and has created a limited open forum within the meaning of the Equal Access Act and a limited public forum by granting or offering an opportunity for one or more noncurriculum-related student group to meet on school premises during the Seminar Period, which is noninstructional time. Upon information and belief, Defendant Northville Public Schools has acted pursuant to direction of Defendant Board of Education of the City of Northville, Defendant Rezmierski, Colligan, and/or Defendant Johnson.

14. Defendant Board of Education of the School District of the City of Northville ("Board of Education") is a public body established, organized, and authorized under and pursuant to the laws of the State of Michigan with the authority to sue and be sued, and was at all times relevant herein acting within the course and scope of its duties and under color of state law. Defendant Board of Education is responsible for creating policies, practices, and customs that govern the operation of the Northville Public Schools, including NHS. Upon information and belief, Defendant Board of Education was aware of the policy to discriminate against the Plaintiffs because of the religious viewpoint and content of the C4C meetings. Defendant Board of Education has acted with deliberate indifference and reckless disregard for the Plaintiffs' rights; Defendant Board of Education has failed to supervise Defendants Rezmierski, Colligan

and Johnson; Defendant Board of Education has permitted Defendants Rezmierski, Johnson and Colligan to make, implement, and/or enforce policies, practices, customs, or final decisions that violated the Plaintiffs' rights. Defendant Board of Education has been grossly negligent in its administration of Northville High Schools and that gross negligence has resulted in the violation of Plaintiffs' rights. Defendant Board of Education's actions and failure to act have caused, and have been a moving force behind, the violation of the Plaintiffs' rights. Defendant Board of Education has violated Plaintiffs rights as set forth herein.

15. Defendant Leonard R. Rezmierski is the superintendent of the Northville Public Schools, and was at all times relevant herein acting within the course of his employment and scope of his duties and under color of state law. He is responsible for formulating, implementing, and enforcing the policies, practices, customs and/or final decisions that govern the operation of the Northville Public Schools, including NHS. Upon information and belief Defendant Rezmierski was aware of the policy to discriminate against the Plaintiffs because of the religious viewpoint and content of the C4C meetings; Defendant Rezmierski formulated, implemented and/or enforced Board policies in a way that violated the Plaintiffs' rights; Defendant Rezmierski acted with reckless disregard for, and deliberate indifference to, the Plaintiffs' rights; Defendant Rezmierski failed to supervise Defendants Johnson and Colligan who likewise acted with reckless disregard and deliberate indifference for the Plaintiffs' rights; Defendant Rezmierski allowed Defendants Johnson and Colligan to formulate, implement and/or enforce policies, practices, customs, and/or final decisions that violated the Plaintiffs' rights. Defendant Rezmierski acted intentionally, without a reasonable belief that his actions were

within the scope of his lawful authority; Defendant Rezmierski was grossly negligent and acted with reckless disregard for Plaintiffs' rights. Defendant Rezmierski's actions and failure to act have caused, and been a moving force behind, the violation of the Plaintiffs' rights as set forth herein.

16. Defendant Thomas D. Johnson is the principal of NHS, and was at all times relevant herein acting within the course of his employment and scope of his duites and under color of state law. He is responsible for adopting, implementing, and/or enforcing the policies, practices, customs, and/or final decisions that govern the operation of NHS, including the policy to discriminate against the Plaintiffs because of the religious viewpoint and content of the C4C meetings. Defendant Johnson has acted with reckless disregard for, and deliberate indifference to, the Plaintiffs' rights. Defendant Johnson acted intentionally and maliciously, without a reasonable belief that his actions were within the scope of his lawful authority; Defendant Johnson was grossly negligent and acted with reckless disregard for Plaintiffs' rights. Defendant Johnson failed to supervise Defendant Colligan who likewise acted with reckless disregard and deliberate indifference for the Plaintiffs' rights; Defendant Johnson allowed Defendant Colligan to formulate, implement and/or enforce policies, practices, customs, and/or final decisions that violated the Plaintiffs' rights. Defendant Johnson's actions and failure to act have violated the Plaintiffs' rights as set forth herein.

17. Defendant Dennis Colligan is an assistant principal of NHS, and was at all times relevant herein acting within the course of his employment and scope of his duties and under color of state law. He is responsible for adopting, implementing, and/or enforcing the policies,

practices, customs, and/or final decisions that govern the operation of NHS, including the policy to discriminate against the Plaintiffs because of the religious viewpoint and content of the C4C meetings. Defendant Colligan has acted with reckless disregard for, and deliberate indifference to, the Plaintiffs' rights. Defendant Colligan acted intentionally and maliciously, without a reasonable belief that his actions were within the scope of his lawful authority; Defendant Colligan was grossly negligent and acted with reckless disregard for Plaintiffs' rights. Defendant Colligan's actions and failure to act have violated the Plaintiffs' rights as set forth herein.

## STATEMENT OF FACTS

18. C4C, a noncurriculum-related student club, was meeting on a regular basis at NHS since 1998. During club meetings, the students would worship God, pray, and discuss scripture or other religious-related topics, and, more generally, discuss many issues important to high school students such as drug and alcohol use, sexual morality, and social justice. All of the meetings were voluntary and student-led.

19. Throughout the 1999-2000 school year, C4C, like many of the other noncurriculum-related student groups, was permitted to post flyers about its meetings. However, unlike many of the other noncurriculum-related student groups, C4C was not permitted to make announcements over the school's public address system. C4C was also denied their privileges enjoyed by other similar clubs in areas such as leadership conferences, inclusion in the yearbook, and recognition at graduation.

20. For over two years the student members of C4C were allowed to hold club meetings during the school's Seminar Period. NHS permitted various other noncurriculum-related student clubs to meet on school premises during this period as well.

21. A student need not be a member nor participate in any meetings of a student club in order to participate in Seminar Period. During this period, no formal instruction occurred and students often sat and talked, read magazines, played cards or played video games (e.g. "Game Boy"). In some classrooms movies were shown for students and in at least one classroom the Comedy Central show "South Park" was played for students.

22. During Seminar period, students could voluntarily attend meetings of any one of the student clubs, and they did not have to stay with one club throughout the school semester. Among the other noncurriculum-related student clubs permitted to meet during the 1999-2000 school year Seminar period were Zero Tolerance, Quiz Bowl, Rotary Interact, MAD, SADD, Adopt-A-Student, Teens as Teachers, Diversity Club and High Adventure.

23. On or about April 3, 2000, two club members posted C4C flyers in the hallways of NHS after school. The posting of these flyers was approved by Defendant Johnson. Such postings had been approved on many prior occasions.

24. On or about April 4, 2000, the two students who had posted the C4C flyers, Rick Crossman and Matt Hare, were called to Defendant Johnson's office and told that C4C was no longer allowed to meet during the Seminar period as it had been meeting for over the past two years.

25. On or about April 6, 2000, a follow-up meeting was held with Defendant Johnson and several C4C members, including Plaintiff, Nicolette Pearce. At this meeting, Defendant Johnson reiterated the policy that the C4C club could no longer meet during Seminar period, even though other noncurriculum-related student clubs were permitted to do so.

26. Defendant Johnson asserted that allowing C4C to meet violated the United States Constitution.

27. On October 3, 2000, the Plaintiffs approached the assistant principal of NHS and requested permission for C4C to meet once again during the Seminar period. The Plaintiffs were denied permission.

28. During the 2000-2001 school year the Defendants still permitted select noncurriculum-related student groups to meet. For example, the SADD group is still allowed to meet during Seminar Period and to announce their meetings using the school's public address system. Upon information and belief, other student led and noncurriculum-related clubs were allowed to meet during Seminar Period, although C4C had been prohibited from doing so, until at least on or about November 22, 2000.

### First Claim for Relief
### (Free Speech)

29. Plaintiffs hereby incorporate by reference paragraphs 1 through 28 above.

30. Defendants' actions towards the Plaintiffs' and their club, C4C, unconstitutionally deprived the Plaintiffs of their Free Speech rights guaranteed to them under the First Amendment to the United States Constitution as applied to the states and their political subdivisions under the

Fourteenth Amendment, and 42 U.S.C. § 1983, in that the Defendants refused to permit C4C to meet during Seminar period and to use school facilities because of the religious viewpoint of club members and content of club meetings, even though they permitted other noncurriculum-related student clubs to meet during Seminar Period, to use school facilities, and to have access to other opportunities and resources which were denied to C4C. Defendants' actions are an unconstitutional content-and viewpoint-based restriction on free speech.

31. As a direct and proximate result of the Defendants' violation of the Plaintiffs' rights, the Plaintiffs have suffered emotional distress and physical illness as well as direct and consequential damages, including but not limited to, the loss of their ability to exercise their constitutional rights, loss of reputation, embarrassment, and humiliation.

32. As a direct and proximate result of the Defendants' violation of the Plaintiffs' rights, Plaintiff Nicolette Pearce has also suffered direct and consequential damages, including but not limited to lost wages and medical expenses.

33. Defendants' actions have been intentional, wilful, wanton, and taken with deliberate indifference to, and reckless disregard for, the Plaintiffs' rights such that the Plaintiffs are entitled to an award of punitive damages.

### Second Claim for Relief
**(Free Exercise of Religion and Prohibition of an Establishment of Religion)**

34. Plaintiffs hereby incorporate by reference paragraphs 1 through 33 above.

35. Defendants' actions towards the Plaintiffs' club, C4C, unconstitutionally deprived the Plaintiffs of their right to the Free Exercise of Religion guaranteed to them under the First

Amendment to the United States Constitution as applied to the states and their political subdivisions under the Fourteenth Amendment, and 42 U.S.C. § 1983, in that the Defendants refused to permit C4C to meet during Seminar period and to use school facilities because of the religious viewpoint of club members and the religious content of club meetings. Defendants' discrimination against C4C violated their right to free exercise of religion, punishes them for expressing religious conviction, and exhibits a hostility toward religion and lack of neutrality that violates the Establishment and Free Exercise Clauses.

36. As a direct and proximate result of the Defendants' violation of the Plaintiffs' rights, the Plaintiffs have suffered emotional distress and physical illness as well as direct and consequential damages, including but not limited to, the loss of their ability to exercise their constitutional rights, loss of reputation, embarrassment, and humiliation.

37. As a direct and proximate result of the Defendants' violation of the Plaintiffs' rights, Plaintiff Nicolette Pearce has also suffered direct and consequential damages, including but not limited to lost wages and medical expenses.

38. Defendants' actions have been intentional, wilful, wanton, and taken with deliberate indifference to, and reckless disregard for, the Plaintiffs' rights such that the Plaintiffs are entitled to an award of punitive damages.

### Third Claim for Relief
### (Freedom of Association)

39. Plaintiffs hereby incorporate by reference paragraphs 1 through 38 above.

40. Defendants' actions towards the Plaintiffs' club, C4C, unconstitutionally deprived the Plaintiffs of their right to Freedom of Association guaranteed to them under the First Amendment to the United States Constitution as applied to the states and their political subdivisions under the Fourteenth Amendment, and 42 U.S.C. § 1983, in that the Defendants refused to permit C4C to meet during Seminar period and to use school facilities because of the religious viewpoint of club members, the religious content of club meetings, and the religious convictions and sensibilities that unite club members.

41. As a direct and proximate result of the Defendants' violation of the Plaintiffs' rights, the Plaintiffs have suffered direct and consequential damages, including but not limited to, the loss of their ability to exercise their constitutional rights, loss of reputation, embarrassment, and humiliation.

42. As a direct and proximate result of the Defendants' violation of the Plaintiffs' rights, Plaintiff Nicolette Pearce has also suffered emotional distress and physical illness as well as direct and consequential damages, including but not limited to lost wages and medical expenses.

43. Defendants' actions have been intentional, wilful, wanton, and taken with deliberate indifference to, and reckless disregard for, the Plaintiffs' rights such that the Plaintiffs are entitled to an award of punitive damages.

### Fourth Claim for Relief
### (Equal Protection)

44. Plaintiffs hereby incorporate by reference paragraphs 1 through 43 above.

45. Defendants' actions towards the Plaintiffs' club, C4C, unconstitutionally deprived the Plaintiffs of the Equal Protection of the law guaranteed to them under the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983, in that the Defendants have treated the Plaintiffs' club differently from other similarly situated noncurriculum-related student clubs on the basis of religious viewpoint of the Plaintiffs and the religious content of club meetings.

46. As a direct and proximate result of the Defendants' violation of the Plaintiffs' rights, the Plaintiffs have suffered direct and consequential damages, including but not limited to, the loss of their ability to exercise their constitutional rights, loss of reputation, embarrassment, and humiliation.

47. As a direct and proximate result of the Defendants' violation of the Plaintiffs' rights, Plaintiff Nicolette Pearce has also suffered emotional distress and physical illness as well as direct and consequential damages, including but not limited to lost wages and medical expenses.

48. Defendants' actions have been intentional, wilful, wanton, and taken with deliberate indifference to, and reckless disregard for, the Plaintiffs' rights such that the Plaintiffs are entitled to an award of punitive damages.

### Fifth Claim for Relief
### (Equal Access Act)

49. Plaintiffs hereby incorporate by reference paragraphs 1 through 478above.

50. Defendants' actions towards the Plaintiffs' club, C4C, violates 20 U.S.C. § 4071 et seq., the "Equal Access Act," and 42 U.S.C. § 1983, in that it denied equal access to and discriminated against the Plaintiffs, who wished to announce their meetings using the school's public address system, to conduct C4C meetings during the Seminar period at NHS, and to enjoy access to school resources and opportunities on terms equal to those enjoyed by other student groups, on the basis of the Plaintiffs' religious viewpoint and content of their meetings.

51. As a direct and proximate result of the Defendants' violation of the Plaintiffs' rights, the Plaintiffs have suffered direct and consequential damages, including but not limited to, the loss of their ability to exercise their statutory rights, loss of reputation, embarrassment, and humiliation.

52. As a direct and proximate result of the Defendants' violation of the Plaintiffs' rights, Plaintiff Nicolette Pearce has also suffered physical illness and emotional distress as well as direct and consequential damages, including but not limited to lost wages and medical expenses.

53. Defendants' actions have been intentional, wilful, wanton, and taken with deliberate indifference to, and reckless disregard for, the Plaintiffs' rights such that the Plaintiffs are entitled to an award of punitive damages.

### Sixth Claim for Relief
### (Michigan Equal Access Act)

54. Plaintiffs hereby incorporate by reference paragraphs 1 through 53 above.

55. Defendants' policy towards the Plaintiffs' club, C4C, violates Mich. Comp. Laws Ann. § 380.1299 (West 1997), in that it denied equal access to and discriminated against the Plaintiffs, who wished to announce their meetings using the school's public address system, to conduct C4C meetings during the Seminar period at NHS, and to have access to school resources equal to that enjoyed by other similar student clubs, on the basis of the Plaintiffs' religious viewpoint and the content of their meetings. Defendants have denied Plaintiffs this access to school resources and opportunities even though the Defendants permitted other noncurriculum-related student groups to use the school's public address system, to meet during Seminar period, and to enjoy access to other school resources enjoyed by other student clubs but denied to C4C.

56. As a direct and proximate result of the Defendants' violation of the Plaintiffs' rights, the Plaintiffs have suffered direct and consequential damages, including but not limited to, the loss of their ability to exercise their rights, loss of reputation, embarrassment, and humiliation.

57. As a direct and proximate result of the Defendants' violation of the Plaintiffs' rights, Plaintiff Nicolette Pearce has also suffered emotional distress and physical illness as well

as direct and consequential damages, including but not limited to lost wages and medical expenses.

58. Defendants' actions have been intentional, wilful, wanton, and taken with deliberate indifference to, and reckless disregard for, the Plaintiffs' rights such that the Plaintiffs are entitled to an award of punitive damages.

### Seventh Claim for Relief
### (Intentional Infliction of Emotional Distress)

59. Plaintiffs hereby incorporate by reference paragraphs 1 through 58 above.

60. Defendants' actions towards the Plaintiffs' club, C4C, were extreme and outrageous amounting to the flagrant disregard of Plaintiffs rights without any justification and for no good reason. The Defendants' conduct amounts to petty tyranny and callous indifference of the worst kind. The Defendants' conduct is properly regarded as utterly intolerable in a civilized society. The Defendants' violation of Plaintiffs' rights was intentional and taken with reckless disregard for their rights and the violation thereof. Defendants conduct was grossly negligent.

61. As a direct and proximate result of the Defendants' continuing violation of the Plaintiffs' rights, Plaintiff Nicolette Pearce has suffered direct and consequential damages, including but not limited to, the loss of her ability to exercise her rights, loss of reputation, embarrassment, and humiliation.

62.     As a direct and proximate result of the Defendants' violation of the Plaintiffs' rights, Plaintiff Nicolette Pearce has also suffered emotional distress and physical illness as well as direct and consequential damages, including but not limited to lost wages and medical expenses.

63.     Defendants' actions have been intentional, wilful, wanton, and taken with deliberate indifference to, and reckless disregard for, the Plaintiffs' rights such that the Plaintiffs are entitled to an award of punitive damages.

**WHEREFORE**, the Plaintiffs ask this Court:

A)      to declare that the Defendants have violated the Plaintiffs rights as set forth in the Complaint;

B)      to award nominal, compensatory, and punitive damages against the Defendants as allowed by law in an amount to be determined at trial;

C)      to award the Plaintiffs their reasonable attorney fees, costs and expenses pursuant to 42 U.S.C. § 1988 and other applicable law;

D)      trial by jury to the full extent permitted by law;

E)      to grant such other and further relief as this Court should find just and proper.

Respectfully submitted,
this ___ day of November, 2000

_____
Richard Thompson (P21410)
Patrick T. Gillen (P47456)

18

Thomas More Center for Law & Justice
3475 Plymouth Road, Suite 100
Ann Arbor, MI 48105-4778
(734) 827-2001